# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: JOSLYN, MARK S.<br>JOSLYN, DAWN L.<br><br>Debtor(s) | § Case No. 07-22844<br>§<br>§<br>§ |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. The debtor filed a petition under Chapter 7 of the United States Bankruptcy Code on December 05, 2007. The undersigned trustee was appointed on *bad date*.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A.**

4. The trustee realized the gross receipts of     $    18,523.28

    Funds were disbursed in the following amounts:

| | |
|---|---:|
| Administrative expenses | 14.92 |
| Payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Payments to the debtor | 0.00 |
| Leaving a balance on hand of[1] | $    18,508.36 |

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-TFR (9/1/2009)**

6. The deadline for filing claims in this case was 05/27/2008. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $2,602.33. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $2,602.33, for a total compensation of $2,602.33. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00 and now requests reimbursement for expenses of $18.80, for total expenses of $18.80.

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 12/09/2009        By:/s/KAREN R. GOODMAN
                        Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

**UST Form 101-7-TFR (9/1/2009)**

# Form 1
## Individual Estate Property Record and Report
### Asset Cases

Case Number: 07-22844
Case Name: JOSLYN, MARK S.
JOSLYN, DAWN L.
Period Ending: 12/09/09

Trustee: (520191) KAREN R. GOODMAN
Filed (f) or Converted (c): 12/05/07 (f)
§341(a) Meeting Date: 01/08/08
Claims Bar Date: 05/27/08

| 1 | | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|---|
| Ref. # | Asset Description (Scheduled And Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined By Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=§554(a) DA=§554(c) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1 | Single Family Home at 9325 S. Damen Avenue, 100% | 480,000.00 | 0.00 | | 0.00 | FA |
| 2 | Cash in Debtors' Possession | 80.00 | 80.00 | | 80.00 | FA |
| 3 | Checking Account - Fifth Third Bank | 620.48 | 620.48 | | 620.48 | FA |
| 4 | AG Edwards Stock Account (Net Value) Account val | 9,470.40 | 9,470.40 | | 1,470.00 | FA |
| 5 | Standard Bank - Checking Account | 4,156.00 | 4,156.00 | | 3,743.52 | FA |
| 6 | 8 rooms of used household goods, furnishings and | 2,800.00 | 2,800.00 | | 2,800.00 | FA |
| 7 | Miscellaneous personal books, pictures, compact | 475.00 | 0.00 | | 0.00 | FA |
| 8 | Personal clothing for family of four | 300.00 | 0.00 | | 0.00 | FA |
| 9 | Personal jewelry, watches and wedding rings | 300.00 | 300.00 | | 0.00 | FA |
| 10 | (a) Pacific Policy owned by Dawn (Variable Life) | 15,383.04 | 0.00 | | 0.00 | FA |
| 11 | (b) Signa Life Insurance Policy owned by Dawn (W | 0.00 | 0.00 | | 0.00 | FA |
| 12 | (c) New York Life Insurance Policy owned by Dawn | 1,521.39 | 0.00 | | 0.00 | FA |
| 13 | (d) 50% interest in Trans America Life Insurance | 9,786.56 | 9,786.56 | | 9,786.00 | FA |
| 14 | AG Edwards - IRA | 9,758.78 | 0.00 | | 0.00 | FA |
| 15 | New York Life Annuity - IRA | 20,830.95 | 0.00 | | 0.00 | FA |
| 16 | Insurance Broker's License; Non-Transferable | 0.00 | 0.00 | | 0.00 | FA |
| 17 | Real Estate Broker's License; Non-Transferable | 0.00 | 0.00 | | 0.00 | FA |
| 18 | 2004 Pontiac Vibe | 7,500.00 | 544.26 | | 0.00 | FA |
| 19 | 2001 Ford Escort | 3,000.00 | 0.00 | | 0.00 | FA |
| 20 | Dog | 0.00 | 0.00 | | 0.00 | FA |
| 21 | Implements, books and tools of the trade | 0.00 | 0.00 | | 0.00 | FA |
| 22 | Implements, books and tools of the trade | 0.00 | 0.00 | | 0.00 | FA |
| Int | INTEREST (u) | Unknown | N/A | | 23.28 | Unknown |
| 23 | Assets Totals (Excluding unknown values) | $565,982.60 | $27,757.70 | | $18,523.28 | $0.00 |

**Major Activities Affecting Case Closing:**

Retain accountant; review claims; file tax returns; file TFR

Exhibit A

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

Page: 2

| Case Number: | 07-22844 | Trustee: | (520191) | KAREN R. GOODMAN |
| Case Name: | JOSLYN, MARK S. | Filed (f) or Converted (c): | 12/05/07 (f) | |
| | JOSLYN, DAWN L. | §341(a) Meeting Date: | 01/08/08 | |
| Period Ending: | 12/09/09 | Claims Bar Date: | 05/27/08 | |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled And Unscheduled (u) Property) Ref. # | Petition/ Unscheduled Values | Estimated Net Value (Value Determined By Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=§554(a) DA=§554(c) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |

Initial Projected Date Of Final Report (TFR):   March 31, 2009        Current Projected Date Of Final Report (TFR):   April 30, 2010

Exhibit B

# Form 2

Page: 1

## Cash Receipts And Disbursements Record

**Case Number:** 07-22844  
**Case Name:** JOSLYN, MARK S.  
JOSLYN, DAWN L.  
**Taxpayer ID #:** 13-7601466  
**Period Ending:** 12/09/09  

**Trustee:** KAREN R. GOODMAN (520191)  
**Bank Name:** JPMORGAN CHASE BANK, N.A.  
**Account:** \*\*\*-\*\*\*\*\*75-65 - Money Market Account  
**Blanket Bond:** $61,494,000.00 (per case limit)  
**Separate Bond:** N/A  

| 1 Trans. Date | 2 {Ref #} / Check # | 3 Paid To / Received From | 4 Description of Transaction | T-Code | 5 Receipts $ | 6 Disbursements $ | 7 Money Market Account Balance |
|---|---|---|---|---|---|---|---|
| 05/15/08 | | STANDARD BANK AND TRUST CO | SALE OF NON-EXEMPT ASSETS TO DEBTORS PER CT ORDER DATED 5/22/08 | | 18,500.00 | | 18,500.00 |
| | {2} | | Settlement with debtors 80.00 for non-exempt assets per ct. order | 1129-000 | | | 18,500.00 |
| | {3} | | Settlement with debtors 620.48 for non-exempt assets per ct. order. | 1129-000 | | | 18,500.00 |
| | {4} | | Settlement with debtors 1,470.00 for non-exempt assets per ct. order | 1129-000 | | | 18,500.00 |
| | {6} | | Settlement with debtors 2,800.00 for non-exempt assets per ct. order. | 1129-000 | | | 18,500.00 |
| | {13} | | Settlement with debtors 9,786.00 for non-exempt assets per ct. order. | 1129-000 | | | 18,500.00 |
| | {5} | | Settlement with debtors 3,743.52 for non-exempt assets per ct. order. | 1129-000 | | | 18,500.00 |
| 05/30/08 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.1500% | 1270-000 | 0.83 | | 18,500.83 |
| 06/30/08 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.1500% | 1270-000 | 2.35 | | 18,503.18 |
| 07/31/08 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.1500% | 1270-000 | 2.35 | | 18,505.53 |
| 08/29/08 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.1500% | 1270-000 | 2.20 | | 18,507.73 |
| 09/30/08 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.1500% | 1270-000 | 2.42 | | 18,510.15 |
| 10/31/08 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.1200% | 1270-000 | 2.01 | | 18,512.16 |
| 11/28/08 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.1000% | 1270-000 | 1.45 | | 18,513.61 |
| 12/31/08 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 1.31 | | 18,514.92 |
| 01/30/09 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 0.75 | | 18,515.67 |
| 02/06/09 | 1001 | INTERNATIONAL SURETIES, LTD | BOND PREMIUM PAYMENT ON BANK BALANCE AS OF 02/06/2009 FOR CASE #07-22844, CHAPTER 7 BLANKET BOND ILLINOIS-CHICAGO-NORTHERN DISTRICT | 2300-000 | | 14.92 | 18,500.75 |
| 02/27/09 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 0.70 | | 18,501.45 |
| 03/31/09 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 0.80 | | 18,502.25 |
| 04/30/09 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 0.75 | | 18,503.00 |
| 05/29/09 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 0.72 | | 18,503.72 |
| 06/30/09 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 0.80 | | 18,504.52 |

Subtotals: $18,519.44 $14.92

{} Asset reference(s)

Printed: 12/09/2009 03:23 PM V.11.53

Exhibit B

# Form 2

## Cash Receipts And Disbursements Record

Page: 2

| Case Number: | 07-22844 | | Trustee: | KAREN R. GOODMAN (520191) |
|---|---|---|---|---|
| Case Name: | JOSLYN, MARK S. | | Bank Name: | JPMORGAN CHASE BANK, N.A. |
| | JOSLYN, DAWN L. | | Account: | ***-*****75-65 - Money Market Account |
| Taxpayer ID #: | 13-7601466 | | Blanket Bond: | $61,494,000.00 (per case limit) |
| Period Ending: | 12/09/09 | | Separate Bond: | N/A |

| 1<br>Trans.<br>Date | 2<br>{Ref #} /<br>Check # | 3<br>Paid To / Received From | 4<br>Description of Transaction | T-Code | 5<br>Receipts<br>$ | 6<br>Disbursements<br>$ | 7<br>Money Market<br>Account Balance |
|---|---|---|---|---|---|---|---|
| 07/31/09 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 0.78 | | 18,505.30 |
| 08/31/09 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 0.78 | | 18,506.08 |
| 09/30/09 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 0.75 | | 18,506.83 |
| 10/30/09 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 0.75 | | 18,507.58 |
| 11/30/09 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 0.78 | | 18,508.36 |
| | | | ACCOUNT TOTALS | | 18,523.28 | 14.92 | $18,508.36 |
| | | | Less: Bank Transfers | | 0.00 | 0.00 | |
| | | | Subtotal | | 18,523.28 | 14.92 | |
| | | | Less: Payments to Debtors | | | 0.00 | |
| | | | NET Receipts / Disbursements | | $18,523.28 | $14.92 | |

| TOTAL - ALL ACCOUNTS | Net Receipts | Net Disbursements | Account Balances |
|---|---|---|---|
| MMA # ***-*****75-65 | 18,523.28 | 14.92 | 18,508.36 |
| | $18,523.28 | $14.92 | $18,508.36 |

{} Asset reference(s)    Printed: 12/09/2009 03:23 PM    V.11.53

# TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 07-22844
Case Name: JOSLYN, MARK S.
Trustee Name: KAREN R. GOODMAN

Claims of secured creditors will be paid as follows:

| Claimant | Proposed Payment |
|---|---|
| N/A | |

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | | Fees | Expenses |
|---|---|---|---|
| Trustee | KAREN R. GOODMAN | $2,602.33 | $18.80 |
| Attorney for trustee | SHEFSKY & FROELICH, LTD | $4,059.50 | $ |
| Appraiser | | $ | $ |
| Auctioneer | | $ | $ |
| Accountant | | $ | $ |
| Special Attorney for trustee | | $ | $ |
| Charges, | U.S. Bankruptcy Court | $ | $ |
| Fees, | United States Trustee | $ | $ |
| Other | | $ | $ |

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Fees | Expenses |
|---|---|---|

**UST Form 101-7-TFR (9/1/2009)**

*Attorney for debtor* _____ $_____ $_____

*Attorney for* _____ $_____ $_____

*Accountant for* _____ $_____ $_____

*Appraiser for* _____ $_____ $_____

*Other* _____ $_____ $_____

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| | N/A | | |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 2,892,479.59 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 0.4 percent.

Timely allowed general (unsecured) claims are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| 1 | Discover Bank/DFS Services LLC | $ 1,259.58 | $ 5.15 |
| 2 | CHASE BANK USA | $ 16,868.45 | $ 68.98 |
| 3 | Ungaretti & Harris, LLP | $ 26,963.47 | $ 110.26 |
| 4 | United States Fidelity & Guar. c/o | $ 2,847,388.09 | $ 11,643.34 |

**UST Form 101-7-TFR (9/1/2009)**

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent.

Tardily filed general (unsecured) claims are as follows:

*Claim Number    Claimant                         Allowed Amt. of Claim    Proposed Payment*
N/A

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

*Claim Number    Claimant                         Allowed Amt. of Claim    Proposed Payment*
N/A

The amount of surplus returned to the debtor after payment of all claims and interest is $ 0.00.

**UST Form 101-7-TFR (9/1/2009)**